FILED

CLERK, U.S. DISTRICT COURT

07-27-2026

CENTRAL DISTRICT OF CALIFORNIA

BY_____dgo_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

Bashirah Dorn, Plaintiff Pro Se
dornbashirah@yahoo.com
12943 Osprey Street
Eastvale, California 92880
Telephone: (310) 864-8374

FEE PAID

I/S

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| **BASHIRAH DORN,**<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF REFUGE MINISTRIES, INC., a California nonprofit corporation,**<br><br>Defendant. | Case No.: ___5:26-cv-04230-JGB(CTSx)___<br><br>**COMPLAINT FOR DAMAGES UNDER 26 U.S.C. § 7434**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

1. This Court has federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1340 because this action arises under 26 U.S.C. § 7434, which creates a civil action for damages when a person willfully files a fraudulent information return concerning payments purportedly made to another person.

2. Plaintiff Bashirah Dorn brings this action because Defendant City of Refuge Ministries, Inc. filed information returns for tax years 2020, 2022, and 2023 that used Plaintiff's personal Social Security number and purported to report nonemployee compensation to Plaintiff or to "Pure Sound" under Plaintiff's Social Security number, even though Plaintiff never personally worked for, was employed by, or contracted with Defendant.

1

## PARTIES

3. Plaintiff Bashirah Dorn is an individual residing in Eastvale, Riverside County, California. Plaintiff was the sole owner and shareholder of Spunky Spades LLC, an entity that elected to be taxed as an S corporation effective January 1, 2017. Pure Sound was a doing-business-as name of Spunky Spades LLC.

4. Defendant City of Refuge Ministries, Inc. is an active California nonprofit religious corporation, California entity number 241688, with its current principal address at 1045 West Redondo Beach Boulevard, Suite 400, Gardena, California 90247. Its registered agent for service is listed at the same address.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction for the reasons stated in paragraph 1, as required by Local Rule 8-1.

6. This action is timely under 26 U.S.C. § 7434(d). Each challenged return was filed less than six years before this action, and Plaintiff discovered the personal-tax reporting through later tax notices and wage-and-income transcripts.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District. Initial assignment to the Eastern Division is proper because Plaintiff resides in Riverside County.

## FACTUAL ALLEGATIONS

8. Before Plaintiff revoked her former representative's authority, Pure Sound performed work and received business compensation as a doing-business-as name of Spunky Spades LLC, using Spunky Spades LLC's employer identification number ("business EIN").

9. Any agreement with Defendant concerning that work was between Defendant and Plaintiff's soon-to-be ex-husband while he was authorized to act for the business. Plaintiff did not personally enter into an employment agreement, independent-contractor agreement, or other work agreement with Defendant.

10. Plaintiff never signed or provided Defendant a Form W-9 containing Plaintiff's Social Security number. Plaintiff never authorized her soon-to-be ex-husband or any other person to provide or use her Social Security number for Defendant's information reporting.

11. Defendant possessed the business EIN. For tax year 2020, Defendant issued a Form 1099-NEC to Spunky Spades LLC reporting $54,964.25 and used the business EIN.

12. For the same tax year, Defendant issued a separate Form 1099-NEC to Pure Sound reporting $29,405.00 but used Plaintiff's personal Social Security number, displayed in an EIN-style format.

13. The number on the $29,405.00 return was Plaintiff's personal Social Security number, not a separate EIN belonging to Pure Sound or Spunky Spades LLC.

3

14. Spunky Spades LLC's 2020 federal S-corporation return reported gross receipts of $108,516.00. Plaintiff did not omit the business's receipts from that entity return.

15. Defendant later filed a tax-year 2022 Form 1099-NEC identifying Pure Sound as the recipient, using Plaintiff's personal Social Security number, and reporting $89,956.00 in nonemployee compensation.

16. Defendant later filed a tax-year 2023 Form 1099-NEC identifying Pure Sound as the recipient, using Plaintiff's personal Social Security number, and reporting $44,423.00 in nonemployee compensation.

17. Plaintiff did not personally perform the reported work, receive the reported payments as an individual, or authorize Defendant to treat the reported amounts as her personal nonemployee compensation.

18. Defendant did not send Plaintiff any personal contract, invoice, W-2, 1099, W-9 verification, or employment-verification communication relating to the reported work or reported payments.

19. Plaintiff's soon-to-be ex-husband has never told Plaintiff that he supplied her Social Security number to Defendant and has never identified any W-9, 1099, W-2, employment verification, or contract authorizing Defendant's use of her Social Security number.

20. On September 11, 2023, Plaintiff emailed Defendant's representative and stated that her soon-to-be ex-husband was no longer authorized to work or receive payment under the business EIN. Plaintiff directed that pending payments be mailed to her and

that Defendant contact her directly. That email did not authorize use of Plaintiff's Social Security number.

21. No pending payments were received by Plaintiff or the business after that notice. Instead, Plaintiff's former representative went to Defendant, and Defendant issued the pending payments to him. Defendant later confirmed that it stopped using the business EIN after receiving Plaintiff's September 11, 2023 email, but Defendant nevertheless filed the tax-year 2023 Form 1099-NEC using Plaintiff's Social Security number and identifying Pure Sound as the recipient.

22. On September 30, 2024, Plaintiff again emailed Defendant's representative, stated that her soon-to-be ex-husband had contacted the representative concerning a 2021 and 2022 tax issue, stated that no response had been received concerning correction, and requested prompt contact.

23. The Internal Revenue Service matched Defendant's reporting to Plaintiff's personal taxpayer account. Plaintiff's 2020 account transcript reflects an unreported-income review followed by additional tax, penalty, interest, and an account balance. The precise portion attributable to Defendant's challenged return will be established through tax records and expert or accounting evidence.

24. A California Franchise Tax Board document dated February 18, 2025 identifies Defendant as the payer of $29,405.00 in nonemployee compensation in a proposed 2020 personal-income adjustment for Plaintiff.

25. Plaintiff discovered Defendant's personal-SSN reporting through tax notices and wage-and-income transcripts, not through a 1099 delivered to her by Defendant.

26. On January 21, 2025, Plaintiff sent Defendant a written notice disputing the personal reporting and demanding investigation and correction.

27. On January 23, 2025, Defendant responded that Plaintiff was not employed by the company and stated that it could not provide specific details about employees or contractors. Defendant asked for the last four digits of Plaintiff's Social Security number to identify the contractor account involved.

28. Defendant has not provided Plaintiff with a W-9 bearing her authorized signature, any agreement making her a personal contractor, or corrected information returns removing the challenged compensation from her Social Security number.

29. Plaintiff also sought correction through Los Angeles County mediation, Case No. DR25-01220. Defendant declined to participate, and the mediation matter closed after 90 days without correction of the challenged information returns.

30. Defendant's possession and use of the business EIN for one 2020 information return, its simultaneous use of Plaintiff's personal Social Security number for another 2020 return, its use of Plaintiff's Social Security number for the 2023 return after notice that Plaintiff's former business representative lacked authority under the business EIN, the absence of any authorization to use Plaintiff's Social Security number, and its failure to correct after repeated notice support a reasonable inference that the challenged filings were willful.

6

## CLAIM FOR RELIEF

### Willful Filing of Fraudulent Information Returns

### 26 U.S.C. § 7434

31. Plaintiff incorporates paragraphs 1 through 30 as though fully stated here.

32. Each challenged Form 1099-NEC is an information return within the meaning of 26 U.S.C. §§ 6724(d)(1)(A) and 7434.

33. Defendant filed the challenged information returns with the Internal Revenue Service concerning payments purportedly made to Plaintiff or reported to Pure Sound under Plaintiff's personal Social Security number.

34. The challenged returns were fraudulent because they represented business compensation as Plaintiff's personal nonemployee compensation and used Plaintiff's personal Social Security number without her authorization, even though Defendant had the business EIN and Plaintiff had no personal work agreement with Defendant.

35. Defendant acted willfully for the reasons alleged above, including its knowledge of the business EIN, the split 2020 reporting under two taxpayer identification numbers, the later reporting under Plaintiff's Social Security number, the September 2023 notice concerning its former business representative's authority, the absence of an authorized personal W-9, and the continued failure to correct after repeated written notice.

36. As a direct and proximate result, Plaintiff has incurred and continues to incur actual damages, including costs attributable to investigating and resolving federal and

state tax deficiencies, tax-accounting and professional expenses, penalties and interest to the extent caused by the challenged filings, lost time, and other consequential damages according to proof.

37. Under 26 U.S.C. § 7434(b), Plaintiff is entitled to the greater of statutory damages or her actual damages, together with the costs of this action and reasonable attorney's fees if the Court determines that an award is appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

A. Statutory damages under 26 U.S.C. § 7434(b)(1), including damages for each actionable fraudulent information return to the extent permitted by law;

B. Actual damages under 26 U.S.C. § 7434(b)(2)(A), including all costs attributable to resolving tax deficiencies caused by Defendant's filings, in an amount to be proven at trial;

C. Costs of this action under 26 U.S.C. § 7434(b)(2)(B);

D. Prejudgment and post-judgment interest as permitted by law; and

E. Such other and further relief as the Court deems just and lawful.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 22, 2026   Respectfully submitted,

By: _____

Bashirah Dorn, Plaintiff Pro Se